**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5479-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ERIC MELVIN, a/k/a ERICK
MELVIN,

     Defendant-Appellant.

_____

Submitted September 9, 2019 – Decided September 16, 2019

Before Judges Sabatino and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 11-10-1096.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Jennifer Davenport, Acting Union County Prosecutor, attorney for respondent (Carlos Paul Morrow, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Eric Melvin appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On June 28, 2011, at about 11:00 p.m., Elizabeth Police Department Officers Guido Quelopana and Scott Giannone observed a vehicle stop in the middle of a street adjacent to Miller Park in Elizabeth, an area known to police for narcotics transactions, gang activity, and shootings. The vehicle was blocking the lanes of traffic. According to Quelopana, the way the vehicle was stopped seemed suspicious due to recent shootings in the area.

Quelopana activated his emergency lights and conducted a traffic stop. Defendant was the driver and sole occupant of the vehicle. Defendant rolled down his window as the officers approached. Quelopana smelled raw marijuana emanating from the vehicle and observed an open small black plastic bag in plain view on the passenger-side floor, with several clear plastic baggies sticking out. Some of the baggies appeared to contain marijuana. Quelopana removed the bag, which contained six baggies of suspected marijuana, two baggies of suspected cocaine, a digital scale, a razor, and a large quantity of empty baggies. It was later confirmed the baggies contained marijuana and cocaine.

When he was asked to exit the vehicle, defendant stated, "I just have some weed, that's all." Defendant was removed from the vehicle, arrested, and taken

A-5479-17T1

to police headquarters, where a search incident to arrest revealed he had a 5-Methoxy-N, N-Diisopropyltryptamine[1] pill and $285 cash on his person. Defendant's vehicle was impounded. A further search of the vehicle revealed no additional evidence.

Defendant was indicted for five counts of possessory controlled dangerous substance (CDS) offenses. State v. Melvin, No. A-3058-13 (App. Div. June 3, 2016) (slip op. at 2). Defendant moved to suppress the evidence seized from his vehicle.

Quelopana was the only witness to testify at the suppression hearing. The motion judge found Quelopana's testimony credible, noting he was an experienced narcotics officer with eleven years of experience as a police officer. His assignment was "as a plain clothes officer, whose regular patrol responsibilities include investigating incidents involving narcotics, guns and high crime areas." The judge found Quelopana testified in a "straight-forward, clear and unwavering" manner. Any discrepancies between his police report and his testimony were immaterial and "were sufficiently explained by the officer during his testimony." The court also noted Quelopana's "clear view or

---

[1] Sometimes called "Foxy," 5-Methoxy-N, N-Diisopropyltryptamine is a psychedelic Schedule I controlled dangerous substance (CDS).

vantage point of the events that transpired" allowed him to "describe[] the events of the incident in detail."

The motion judge held the vehicle stop was lawful because defendant violated N.J.S.A. 39:4-67, when he obstructed the roadway, which required other vehicles to travel into the oncoming lane to circumvent his vehicle. The judge also held the stop was lawful because the officers had a reasonable suspicion defendant was engaged in, or about to engage in, criminal activity, based upon: the late hour; defendant's abrupt stop next to a closed public park; defendant's apparent surveillance of the area; and the location, which was a high-crime rate area known for narcotics transactions, shootings, and gang activity.

The judge held the warrantless search and seizure was lawful as well. He found the stop was unplanned and unexpected, the smell of marijuana emanating from defendant's vehicle provided probable cause to believe the vehicle contained evidence of a crime, and there were exigent circumstances that made it impracticable to obtain a search warrant. The judge found the same facts that justified the stop, including the possibility others may have been interested in moving the narcotics located in the vehicle, together with the absence of back-up officers, constituted exigent circumstances to justify the removal of the black bag the officer suspected contained narcotics.

The case proceeded to trial. Defendant elected not to testify. The jury found defendant guilty of all counts. After appropriate mergers, defendant was sentenced to an aggregate ten-year prison term with a five-year parole disqualifier.

On direct appeal, defendant contended the trial court erred in denying his motion to suppress. Defendant argued the record lacked sufficient, credible evidence to support the judge's findings. We rejected defendant's argument and held the stop of defendant's vehicle was justified based on the totality of the circumstances. We held "the stop was justified because the officers had a reasonable and articulable suspicion that defendant committed a motor vehicle offense." Melvin, slip op. at 14. We also held "[t]he stop . . . was justified because the officers had a reasonable and articulable suspicion that defendant was engaged or about to engage in criminal activity." Ibid. We further held the warrantless search was justified under both the automobile exception and the plain view doctrine.

Defendant did not object to the admission of evidence of his statement to the officers, "I just have some weed, that's all." On appeal, he contended the trial court committed plain error by failing to sua sponte issue a

Hampton/Kociolek[2] charge. We disagreed. We noted "the judge gave an instruction regarding witness credibility at the outset and close of the trial . . . , and there was other evidence that clearly established defendant's guilt." Id. at 30. We, thus, found "no error, let alone plain error, in the lack of a Hampton/Kociolek instruction." Ibid.

We affirmed defendant's conviction and sentence. The Supreme Court denied certification. State v. Melvin, 227 N.J. 381 (2016).

In December 2016, defendant filed a pro se petition for PCR. Counsel was assigned to represent defendant. Defendant raised the following issues: (1) he was denied effective assistance of trial counsel due to trial counsel's failure to properly advise him about his right to testify at the motion to suppress and failure to request a jury charge that would have provided the proper assessment of statements he allegedly made; (2) he established a prima facie case sufficient to require an evidentiary hearing; and (3) his claims are not procedurally barred.

In a supplemental certification, defendant stated his trial counsel never explained to him his right to testify at the suppression hearing, or that if he did testify, that did not mean he had to testify at trial. Defendant also stated his trial

---

[2] State v. Hampton, 61 N.J. 250, 271-72 (1972); State v. Kociolek, 23 N.J. 400, 421 (1957).

A-5479-17T1

counsel made those decisions without consulting him. Defendant claimed he wanted to testify at the suppression hearing because he "never stopped the vehicle in front of the park" and "was not looking around" as the officer claimed. Defendant contended his suppression motion would have been granted if he had testified.

Following oral argument before the PCR judge (who had also presided over defendant's trial), the judge issued a June 29, 2018 order and twenty-four page written opinion denying the petition without an evidentiary hearing. This appeal followed.

Defendant raises the following issues:

> POINT I
> DEFENDANT'S CLAIM HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO REQUEST A JURY INSTRUCTION REGARDING AN INCRIMINATING STATEMENT ALLEGEDLY MADE AT THE TIME OF ARREST SHOULD NOT BE BARRED BECAUSE DEFENDANT'S CLAIM WAS NOT EXPRESSLY ADJUDICATED BY THE APPELLATE DIVISION.
>
> POINT II
> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ENTITLING HIM TO POST CONVICTION RELIEF OR AN EVIDENTIARY HEARING ON THE ISSUES OF FAILURE OF COUNSEL TO INFORM HIM OF HIS RIGHT TO TESTIFY AT THE SUPPRESSION HEARING, AND COUNSEL'S FAILURE TO

7

REQUEST A LIMITING INSTRUCTION ON THE USE OF AN INCRIMINATING STATEMENT BY THE JURY DURING DELIBERATIONS.

(a) Applicable Law.

(b) Counsel Was Ineffective For Failing To Inform Defendant Of His Right To Testify At His Suppression Motion.

(c) Counsel Was Ineffective For Failing To Request A Limiting Jury Instruction Regarding The Use Of Alleged Incriminating Statements Made By Defendant In Their Deliberations.

Based on our review of the record and the applicable legal principles, we affirm substantially for the reasons stated by Judge Robert J. Mega in his comprehensive written opinion. We add the following comments.

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish a PCR claim that trial counsel was constitutionally ineffective, a defendant must prove two elements: first, that "counsel's performance was deficient," that is, "that counsel made errors so serious that

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694). To prove the first element, a defendant must "overcome a strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). To prove the second element, a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record." R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). Speculative

assertions are insufficient to establish a prima facie case of ineffective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Defendant claims his trial counsel was ineffective by failing to request a jury instruction regarding an incriminating statement allegedly made at the time of arrest. The PCR judge found this issue was previously litigated on direct appeal and is procedurally barred under Rule 3:22-5, which provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive." Notwithstanding that finding, the PCR judge considered the merits of the claim, and found defendant failed to establish a prima facie case of ineffective assistance of counsel. The judge noted there was "other evidence suggesting [d]efendant's guilt in this matter, independent of his statement. Defendant was found to be in possession of CDS, which would have been recovered by the [o]fficers even without his statement. Th[e] [c]ourt instructed the jury that it was [their] role to assess the witness' credi[bility]." These findings are well supported by the record.

Defendant also claims his trial counsel was ineffective by failing to inform him of his right to testify at the suppression hearing even if he chose not to testify at trial. The PCR judge noted, after the State rested at the suppression hearing, defense counsel stated to the court, "I just want to speak to my client

10

regarding his right to testify." There was no further discussion on the record regarding defendant's decision to testify or remain silent at the hearing other than trial counsel later advising the court "[t]he defense rests" without calling any witnesses. The PCR judge concluded "trial counsel should have at the very least advised [d]efendant that he had a right to testify and discuss the pros and cons of doing so. The fact that a criminal defendant is usually unlikely to testify at a suppression hearing does not minimize the importance of him or her being informed of his or her right to do so." Hence, the first prong of the Strickland test was satisfied.

The PCR judge then analyzed the second prong to determine if counsel's deficient performance prejudiced the defense. The judge found trial counsel "extensively cross-examined Officer Quelopana after his direct testimony." Moreover, the court "asked a number of follow-up questions of Officer Quelopana." This led to "further probing of Officer Quelopana's testimony" by trial counsel. The court concluded the "record supports the conclusion that Officer Quelopana's version of events leading to [d]efendant's arrest[] were sufficiently tested during the [s]uppression [h]earing." The judge determined defendant did not establish a reasonable probability that, but for trial counsel's

11

failure to advise him of his right to testify, the result of the hearing would have been different.

The record amply supports the PCR judge's findings and conclusions. Defendant has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. He is unable to demonstrate the required prejudice. Having failed to establish a prima facie case, defendant was not entitled to an evidentiary hearing. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION